WILLIAM FAIT COMPANY *v.* ANDERSON.

Opinion delivered July 1, 1905.

SALE—BINDING CONTRACT.—Acceptance of an order for a carload of goods, the specifications of which were to be sent later, but were not supplied until after the acceptance has been canceled, did not constitute a binding contract of sale, within the statute of frauds (Kirby's Dig. § 3656).

Appeal from Pulaski Circuit Court, Second Division.

EDWARD W. WINFIELD, Judge.

Reversed.

*Marshall & Coffman,* for appellant.

*Cantrell & Loughborough,* for appellees.

BATTLE, J.   D. W. and A. G. Anderson sued the Wm. Fait Company for breach of contract. They alleged that on the 29th of May, 1902, they entered into a contract with the defendant, by which the defendant agreed to ship to them a carload of groceries and produce in cases, according to specifications to be furnished by plaintiffs in a reasonable time; that the goods were to be paid for according to their market prices at the time of the agreement; that they furnished the defendant in a reasonable time with a list of the goods to be shipped; and that it wholly failed to ship the same, to their damage of $400.

The defendant denied these allegations, and that it made any contract with the plaintiffs, and pleaded the statute of frauds. They recovered a judgment for $151, and the defendant appealed.

The appellees were merchants doing business in the town of Newport, in this State. Appellant was a corporation engaged in selling produce in the city of Baltimore, in the State of Mary-

land. Dunn & Powell were merchandise brokers, doing business in Little Rock, Ark. On the 29th of May, 1902, Dunn & Powell sent the following telegram to appellant: "Book Anderson Newport assorted car futures same price as others.' To this to it the same day by mail: "We will send you specifications on the Newport car in a few days." Dunn & Powell received from appellant, dated May 29, 1902, a letter, as follows: "We have your telegram which read as follows: 'Book Anderson Newport assorted car futures, same price as others.' To this we wired you this afternoon that we have entered this order which we now confirm [meaning corroborate]. We accordingly have entered this order, and await your letter confirming [corroborating] with specifications." All such orders were subject to the approval of the appellant. On June 9, 1902, Dunn & Powell received a letter from Wm. Fait Company, dated June 7, 1902, as follows: "Referring to your telegram of May 29, which read, 'Book Anderson Newport assorted car future goods same price as others,' we beg to say that up to this present time we have no mail confirmation to this order, nor have we any assortment, and the order is therefore canceled. We cannot have these things remain open indefinitely." On June 10, 1902, appellees, through Dunn & Powell, sent specifications, and on the 13th of the same month appellant declined to ship the goods.

The statute of frauds is in part as follows: "No contract for the sale of goods, wares and merchandise, for the price of thirty dollars or upward, shall be binding on the parties unless, first, there be some note or memorandum, signed by the party to be charged; or, second, the purchaser shall accept a part of the goods ordered, and actually receive the same; or, third, shall give something in earnest to bind the bargain, or in part payment thereof." Kirby's Dig. § 3656. There was no compliance with this statute. The only written evidence of a contract was the telegrams and letters set out above. The goods to be sold were not specified. There was no acceptance by appellant of any antecedent definite order. The goods to be purchased were to be selected out of a list of about 162 articles, and the quantity purchased of each was to be designated. Until such specifications were made, there could have been no definite agreement. There

was no direct and unequivocal acceptance of any proposal which by acceptance could have become a complete contract. On the incomplete stipulations nothing could have been recovered at law. There was never an agreement as to the most essential part of a contract of sale, the appellant having declined to treat further with appellees before the specifications were furnished. *Wheeling Steel & Iron Co.* v. *Evans* (Md.) 55 Atl. 373.

The judgment of the circuit court is reversed, and a judgment upon the merits will be entered here in favor of appellant, and for $10 damages by reason of the attachment, which is dissolved.